# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IKEMEFUNA CHUKWURAH, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-19-1910 |
| CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND, | * | |
| MARILYNN M. BLAND, Former Clerk of the Circuit Court, | * | |
| | * | |
| Defendants | * | |
| | *** | |

## **MEMORANDUM OPINION**

Self-represented Plaintiff, Ikemefuna Chukwurah, an inmate at the Maryland Correctional Training Center in Hagerstown, Maryland, alleges that after his 2014 resentencing in the Prince George's County Circuit, he discovered errors on his commitment documents which he attributes to then Clerk of the Court Marilynn M. Bland's "fraudulent misrepresentation." ECF No. 1 at pp. 1, 5; ECF No. 1-1 at 4-5, 8; *see also State v. Chukwurah,* Case No. CT020847X (Prince George's Cty Cir. Ct).[1] Chukwurah asks this Court to order the Circuit Court for Prince George's County to correct the "misrepresentation" in his conviction, award him $150 million for the resultant defamation and psychological torture, and place him in a witness protection program. ECF No. 1 at 5. For the following reasons, the Court dismisses the Complaint.

**I.    Background**

In 2002, Chukwurah pleaded guilty to first degree felony murder (Count 1); robbery with a dangerous weapon (Count 2); use of handgun in the commission of a felony (Count 4); attempted first degree murder (Count 5); use of a handgun the commission of a felony (Count 7); attempted

---

[1] http://casesearch.courts.state.md.us/casesearch/inquiry (viewed July 2, 2019).

first degree murder (Count 8); use of a handgun in the commission of a felony (Count 10); and conspiracy to commit robbery with a deadly weapon (Count 11). *State v. Chukwurah,* Case No. CT020847X. The Circuit Court sentenced Chukwurah to life imprisonment with all but 50 years suspended on Counts 1 and 2 (which merged with Count 1) and 20 years on Count 4, concurrent to Count 1, the first 5 years without the possibility of parole pursuant to Md. Code Ann., Criminal Law ("Crim.") § 4-204. As to the remaining counts, the Court imposed a sentence of 50 years for Count 5 served concurrently with Count 4; 20 years on Count 7 served concurrently with Count 5, the first 5 years without the possibility of parole pursuant to Crim. § 4-204; 50 years on Count 8, served concurrently with Count 7; 20 years on Count 10 served concurrently with Count 8, the first 5 years without the possibility of parole pursuant to Crim. § 4-204; and 20 years on Count 11 served concurrently with Count 10. *Id.* Chukwurah's petition for state post-conviction relief was denied on January 29, 2009. *See State v. Chukwurah,* Case No. CT020847X.

On February 28, 2014, the Circuit Court granted Chukwurah's Motion to Correct Sentence, and resentenced him to the "same sentence then added 5 years' probation." ECF No. 1 at 2-3. Chukwurah was re-sentenced to life imprisonment on Count 1 with all but 50 years suspended (Count 2 merged with Count 1); 20 years on Count 4 served concurrently with Count 1, the first 5 years mandatory pursuant to Crim. § 4-204; 50 years on Count 5 years served concurrently with Count 4; 20 years on Count 7, served concurrently with Count 5, the first 5 years mandatory pursuant to Crim. § 4-204; 50 years on Count 8 served concurrently with Count 7; 20 years on Count 10 served concurrently with Count 8, the first 5 years mandatory pursuant to Crim. § 4-204; and 20 years on Count 11 served concurrently with Count 10. *State v. Chukwurah,* Case No. CT020847X; *see also* ECF No. 1-1 at 4-5, 8.

In the Complaint before this Court, Chukwurah faults former Clerk of Court Bland for "list[ing] him as being convicted for 3 first degree murders, which is completely wrong." ECF No. 1 at 3. He asserts that his convictions are "fraudulently misrepresented" by duplicating "charge number 1 twice as charge number 5 and charge number 8," to state first degree murder for each, which Chukwurah contends is not accurate.[2] *Id.*

## II. Discussion

Because Chukwurah proceeds in forma pauperis, the Court reviews the Complaint to determine whether Plaintiff has stated a plausible claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Court construes the Complaint liberally, in recognition that Chukwurah proceeds pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true and viewed most favorably to the plaintiff. *Id.* at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not permit this Court to ignore a clear failure to set forth a legally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

The Complaint suffers from several fatal defects. First, the Complaint does not identify a federal cause of action permitting this Court, as one of limited jurisdiction, to review his claims. The Court construes the claims as brought pursuant to 42 U.S.C. § 1983, which provides "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by

---

[2] Chukwurah's claim that the commitment order duplicates this first-degree murder conviction does not square with the plain language of the order itself.

3

the Constitution and laws, shall be liable to the party injured." Defendant Circuit Court for Prince George's County, however, is not considered a "person" within the meaning of the statute, and is not a proper defendant. *See Olivia v. Boyer*, 163 F.3d 599 (4th Cir. 1998) (holding that a defendant court system is not a person for purposes of 42 U.S.C. § 1983). Allegations against the Circuit Court for Prince George's County must be dismissed.

Second, Defendant Bland, as Clerk of the Circuit Court, enjoys derivative absolute judicial immunity when acting consistently with a judicial order or directive. *Hamilton v. Murray*, 648 F. App'x 344, 344-45 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 1225 (2017); *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972); *see also Pink v. Lester,* 52 F.3d 73, 78 (4th Cir. 1995) (affirming allegations of negligent conduct raised against clerk of court did not state a cognizable §1983 claim). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court-support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail,* 969 F.2d 594, 601 (7th Cir.1992) (quoting *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.1989)).

The Complaint contends that Bland -- as the mother of his co-defendant, Lawrence Jackson, and against whom Chukwurah testified at a parole hearing -- has "targeted" Chukwurah. ECF No. 1 at 4. The Complaint is devoid of any facts by which this Court could plausibly infer that Bland targeted Churkwurah for any unfavorable treatment, or engaged in any "misrepresentation." *Supra*, n.1. Rather, it appears that Bland simply recorded the decision of the sentencing court in compliance with a judicial order or under the court's direction. Viewing the Complaint allegations most favorably to Chukwurah, Bland is immune from suit. The claims against her fail as matter of law.

Finally, although Chukwurah does not appear to be seeking relief arising from his conviction or imprisonment, the Court notes that pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Chukwurah may pursue such an action only after "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." The underlying convictions appear to still be valid, and so, to the extent Chukwurah is attempting to seek civil redress pursuant to § 1983 in this Court based on his underlying convictions, *Heck* bars the claims.

## III. Conclusion

For the above-stated reasons, the Court dismisses this case. A separate order follows.

7/12/19

/S/

Date

Paula Xinis
United States District Judge